UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JESSIE WHEELOCK
and other similarly-situated individuals,

    Plaintiff (s),

v.

FLORIDA SECURITY SERVICES, INC.,
and ROBERTO DURAN, individually,

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JESSIE WHEELOCK, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants FLORIDA SECURITY SERVICES, INC., and ROBERTO DURAN, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JESSIE WHEELOCK is a resident of Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant FLORIDA SECURITY SERVICES, INC. (hereinafter FLORIDA SECURITY, or Defendant) is a Florida corporation having its main place of business in Miami-Dade

County, Florida, where Plaintiff worked for Defendant. FLORIDA SECURITY was engaged in interstate commerce.

4. The individual Defendant ROBERTO DURAN, was and is now the owner/president and manager of FLORIDA SECURITY. Defendant ROBERTO DURAN was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and is jointly liable for Plaintiff's damages.

5. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff JESSIE WHEELOCK to recover from Defendants half-time overtime wages, liquidated damages, retaliatory damages, costs, and reasonable Attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant FLORIDA SECURITY is a Florida corporation that provides security services to businesses, residential communities, construction sites, retailers, and related security services such as executive bodyguard protection.

8. Defendant FLORIDA SECURITY and ROBERTO DURAN employed Plaintiff JESSIE WHEELOCK as a non-exempted, full-time, hourly security employee approximately from January 01, 2000, to March 28, 2023, or more than 23 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 156 weeks.

9. Plaintiff had duties as a security officer. He worked at various security posts within the area of Dade County.

10. Plaintiff worked under the supervision of the owner of the business, ROBERTO DURAN.

11. While employed by Defendants, Plaintiff had an irregular schedule, but he worked six days per week, approximately 56 hours weekly. Plaintiff was unable to take bonafide lunchtime hours.

12. Plaintiff was compensated for all his working hours at his regular rate of $11.00 an hour. However, Plaintiff was not paid for overtime hours, as required by law.

13. Plaintiff did not clock in and out, but Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants knew about the number of hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, during the relevant period of time, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

15. Plaintiff was paid bi-weekly with two checks for 40 hours each, plus one check covering 32 hours. Plaintiff was paid with checks and paystubs that did not provide information about the number of days and the actual number of hours worked.

16. Plaintiff left his employment with Defendants on or about March 28, 2023.

17. Plaintiff JESSIE WHEELOCK seeks to recover half-time overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

18. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and/or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME AGAINST ALL DEFENDANTS**

19. Plaintiff JESSIE WHEELOCK re-adopts every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. This cause of action is brought by Plaintiff JESSIE WHEELOCK as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 2020, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

21. Defendant FLORIDA SECURITY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides security services and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods or services for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

22. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to enterprises involved in interstate commerce. Therefore, there is FLSA individual coverage.

23. Defendant FLORIDA SECURITY and ROBERTO DURAN employed Plaintiff JESSIE WHEELOCK as a non-exempted, full-time, hourly security employee approximately from January 01, 2000, to March 28, 2023, or more than 23 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 156 weeks.

24. Plaintiff had duties as a security officer. He worked at various security posts within the area of Dade County.

25. While employed by Defendants, Plaintiff had an irregular schedule, but he worked six days per week, approximately 56 hours weekly. Plaintiff was unable to take bonafide lunchtime hours.

26. Plaintiff was compensated for all his working hours at his regular rate of $11.00 an hour. However, Plaintiff was not paid for overtime hours, as required by law.

27. Plaintiff did not clock in and out, but Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants knew about the number of hours worked by Plaintiff and other similarly situated individuals.

28. Therefore, during the relevant period of time, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

29. Plaintiff was paid bi-weekly with two checks for 40 hours each, plus one check covering 32 hours. Plaintiff was paid with checks and paystubs that did not provide information about the number of days and the actual number of hours worked.

30. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

31. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

33. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid half-time overtime wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Thirteen Thousand Seven Hundred Twenty-Eight Dollars and 00/100 ($13,728.00)

   b. <u>Calculation of such wages</u>:

   Total time of employment: more than 23 years
   Relevant weeks of employment:  156 weeks
   Total number of hours worked:  56 hours weekly
   Total number of unpaid O/T hours: 16 O/T hours
   Regular rate: $11.00  rate paid x 1.5=$16.50
   O/T rate: $16.50-$12.00 O/T rate paid=$5.50 half-time

   Half-time $5.50 x 16 O/T hours=$88.00 weekly x 156 weeks=$13,728.00

<u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid half-time overtime wages.[1]

34. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

35. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

36. At times mentioned, individual Defendant ROBERTO DURAN was the owner/president and manager of FLORIDA SECURITY. Defendant ROBERTO DURAN was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that this individual Defendant acted directly in the interests of FLORIDA SECURITY in relation to its employees, including Plaintiff and others similarly situated. Defendant ROBERTO DURAN had financial and operational control of the corporation, determining the terms and working conditions of

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

37. Defendants FLORIDA SECURITY and ROBERTO DURAN willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

38. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JESSIE WHEELOCK and other similarly situated individuals and against the Defendants FLORIDA SECURITY and ROBERTO DURAN, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JESSIE WHEELOCK actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JESSIE WHEELOCK demands a trial by jury of all issues triable as of right by jury.

Date:  March 31, 2023

                                      Respectfully submitted,

                                      By:  **/s/ Zandro E. Palma**
                                      ZANDRO E. PALMA, P.A.
                                      Florida Bar No.: 0024031
                                      9100 S. Dadeland Blvd.
                                      Suite 1500
                                      Miami, FL 33156
                                      Telephone: (305) 446-1500
                                      Facsimile:  (305) 446-1502
                                      zep@thepalmalawgroup.com
                                      *Attorney for Plaintiff*